PRICE, Judge.
This is an appeal from a judgment making past due child support payments execu-tory and modifying the prior judgment awarding support by reducing the amount of monthly payments ordered by the court from $170 to $95.
Appellant, Gloria Ann Black Lilley, former wife of defendant, Nollon Lilley, complains on this appeal that the trial court erred in modifying the previous judgment fixing child support as no change of circumstances was shown by the defendant.
The history of litigation between the parties relating to the determination and enforcement of child support payments subsequent to their final divorce is as follows :
In the original divorce decree the mother (appellant herein) was awarded custody of the two minor children and the father was ordered to pay $75 per month for their support. As the result of a rule filed by appellant in March, 1971, the sum of $2,165 was declared past due and made executory against defendant and the amount of support was increased from $75 to $170 per month. A garnishment proceeding was begun to enforce the judgment of past due payments which is presently in effect against defendant’s salary.
*810 On September 2, 1971, Nollon Lilley filed a rule seeking to have the court reduce the amount of child support because of an alleged reduction in his ability to pay the amount ordered by the court. In response to this rule, appellant filed a rule asking the court to recognize an accumulated arrearage of $815 since September, 1971, and to make this sum executory.
The two rules were tried together and judgment was rendered in favor of appellant decreeing the sum of $475 past due and executory, and also judgment was rendered in favor of Nollon Lilley reducing the monthly award from $170 to $95.
The sole issue on this appeal is whether there was sufficient evidence presented by Nollon Lilley to justify the trial judge in modifying the existing judgment for support. Since the award of support is primarily a factual issue, a great deal of discretion is vested in the trial judge in determining the amount that a parent should pay for support of his children and the amount fixed by the trial judge should not be disturbed on appeal unless manifestly erroneous. Favrot v. Favrot, 219 So.2d 594 (La.App. 1st Cir. 1968).
At the trial in March, 1971, when the support award was increased by the court from $75 to $170 per month, appellant testified that Nollon Lilley was working for Kroger’s super market and was employed at night as a bartender in the Cedar Grove section of Shreveport. She testified he was making more money than he made when the original award was made but could not give an estimate of his earnings. No appearance was made by Lilley at the trial of this rule and the increase was determined solely on evidence presented by appellant.
On trial of the rule which is the subject of this appeal, Lilley testified he was not actually employed as a bartender during March of 1971 as represented by appellant on trial of the previous rule, but was the proprietor of a bar for a short period of time. This venture had been abandoned prior to the trial of this rule, Lilley explained, as it had become unprofitable and he had sustained a net loss. His earnings at Kroger’s in 1970 were approximately $9,000 before taxes. He has remarried and has two children by this marriage. Six children of his present wife also reside in his household. The record shows his present wife earns $60 per week but does not reflect she receives any support payment from the legal father of her children.
From our analysis of the record in this case it is apparent that the judgment increasing the monthly award in March, 1971, was based primarily on appellant’s showing that the needs of the children had increased because of their advance in ages and an assumption by the court that defendant’s earnings had increased because of the representation he carried an additional occupation.
As it has been shown on trial of the present rule that the extent of defendant’s employment has changed from that understood by the trial court on trial of the previous rule, we are of the opinion the court was justified in adjusting the support award to relate it to the present circumstances of the parties.
Although we can well understand appellant needs more than $95 per month to add to her earnings of $350 to adequately provide for the two children of her marriage with Nollon Lilley, this is another of those unfortunate situations where there is not sufficient income to meet the economic needs of all concerned.
From our review of the evidence in the record we find no abuse in the discretion accorded the trial judge in the determination of the amount of the child support award.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed.